Theresa A. Kristovich (SBN 66490)
*tkristovich@kcozlaw.com*
Connie K. Chang (SBN 280377)
*cchang@kcozlaw.com*
**KABAT CHAPMAN & OZMER LLP**
707 Wilshire Blvd., Suite 4800
Los Angeles, California 90017
Telephone: (404) 400-7300
Facsimile: (404) 400-7333

Attorneys for Plaintiff
*Supergame PTE. LTD.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SUPERGAME PTE. LTD.,<br><br>Plaintiff,<br><br>v.<br><br>STICK HUNTER FZE LLC, and GAME DISTRICT LLC (M S GAME NOTCH),<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**1) COPYRIGHT INFRINGEMENT**<br><br>**2) VIOLATION OF 17 U.S.C. § 512(F)**<br><br>**3) DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Supergame Pte. Ltd. ("Supergame" or "Plaintiff"), for its complaint against Defendants Stick Hunter FZE LLC ("Stick Hunter") and Game District LLC (M S Game Notch) ("Game District") (collectively referred to as "Defendants"), alleges as follows:

## INTRODUCTION

1. This action arises from Defendants' deliberate copying of Supergame's copyrighted mobile game application entitled *Snake Escape* (on the Google Play Store) and entitled *Snake Escape – Tap Away*[1] (on the Apple App Store) (hereinafter "*Snake Escape*") and from Defendants' subsequent abuse of the Digital Millennium Copyright Act ("DMCA") to unlawfully drive Supergame's own game off the platforms on which the parties compete.

2. Supergame is the owner of the copyright in *Snake Escape*, an original mobile puzzle game in which players guide snakes through grid-based maze levels to a designated exit. The work embodies more than 800 original level designs, an original snake character design, and original user-interface and graphical assets.

3. Rather than create their own game, Defendants copied *Snake Escape*. In connection with the related DMCA disputes discussed below, Defendants admitted that they essentially copied Supergame's level designs and other protected expression by obtaining a third-party template titled "*Snake Escape Puzzle – 800 Levels and Level Editor*" offered for sale on the marketplace Codester. The template itself was an unauthorized full-scale reproduction of *Snake Escape's* content and reproduced *Snake Escape* in its entirety. Defendants then used the template to build their competing game which reproduces substantial portions of *Snake Escape*.

4. Stick Hunter publishes the infringing game *Snake Out: Puzzle Escape* ("*Snake Out*") on the Google Play Store. On the Apple App Store, *Snake Out* is *titled Snake's Way Out* ("*Snake's Way Out*") and published by Hassam Ahmad who is

[1] Supergame's game on the Apple App Store was initially called *Snake Escape – Slither Puzzle*, but was renamed *Snake Escape – Tap Away* in March 2026. *Snake Escape – Tap Away* is the name relevant to the current action.

affiliated with Game District. Based on Defendants' own representations in the related DMCA disputes, *Snake Out* and *Snake's Way Out* are the same game (collectively, "Defendants' Game") but published under different names on the Google and Apple platforms, respectively. On information and belief, Defendants operate as a single enterprise or in concert with one another.

5. In response to Defendants' blatant copying, Supergame first enforced its rights against Defendants' Game on the Google Play Store through Supergame's March 31, 2026 DMCA notice to Google and a subsequent lawsuit filed in Singapore (Case No. HC/OC 490/2026). That dispute was eventually resolved in or around July 2026.

6. On information and belief, in or around September 2026, Defendants re-listed their infringing game *Snake Out* on Google and then went on the offensive.

7. In a coordinated, retaliatory attack on Supergame, on October 14, 2026, Defendants submitted their own DMCA takedown notices to both Apple and Google[2], falsely asserting that Supergame's *Snake Escape* infringes Defendants' Game. Specifically, in its DMCA notice to Apple, Game District claimed that its ownership of Defendants' Game is "supported by official copyright documentation in both Pakistan and the United States". Supergame, however, has been unable to locate any U.S. copyright registration for either iteration of Defendants' Game (*Snake Out* or *Snake's Way Out*), and, on information and belief, no such registration exists. Because Defendants' Game copies and postdates *Snake Escape*, no copyright Defendants may claim could render *Snake Escape* infringing. As a direct result of the false statements in Defendants' DMCA notices, *Snake Escape* has been removed from the Google Play Store, and its status on the Apple App Store remains at imminent risk of removal.

---

[2] Stick Hunter submitted a DMCA notice to Google in connection with *Snake Out* and Game District submitted a notice to Apple in connection with *Snake's Way Out*.

8. Defendants continue to profit from their unlawful conduct at Supergame's expense. Unless enjoined, Defendants will continue exploiting the copied expressive elements of *Snake Escape*, diverting customers, eroding the commercial value of Supergame's copyrighted work, and causing irreparable harm to Supergame's goodwill, market position, and exclusive rights under the Copyright Act.

9. Supergame therefore brings this action to halt Defendants' ongoing infringement, to remedy Defendants' knowing misrepresentations under the DMCA, to obtain a declaration that *Snake Escape* does not infringe Defendants' Game, and to recover the damages and other relief to which Supergame is entitled.

## THE PARTIES

10. Plaintiff Supergame Pte. Ltd. is a company incorporated in Singapore on November 26, 2025, with its registered address at 10 Anson Road, #13-09, International Plaza, Singapore 079903. Supergame develops and publishes mobile game applications for distribution to consumers worldwide, including in the United States, through the Google Play Store and the Apple App Store.

11. Supergame is the owner and exclusive copyright holder of the copyrighted audiovisual works embodied in *Snake Escape*, including the exclusive rights secured under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., to reproduce, distribute, publicly display, prepare derivative works from, and otherwise exploit those copyrighted works. *Snake Escape* was originally created and developed by Pixel King Pte. Ltd. ("Pixel King"), and all right, title, and interest in and to the game were assigned to Supergame on or around December 22, 2025. Pixel King is Supergame's authorized publisher of *Snake Escape* on both the Apple App Store and the Google Play Store.

12. Defendant Stick Hunter FZE LLC is a company incorporated in the United Arab Emirates, with its registered address at Business Centre, Sharjah Publishing City Free Zone, Sharjah, United Arab Emirates. Stick Hunter develops

and publishes mobile game applications for worldwide distribution, including throughout the United States and California, through the Google Play Store. Stick Hunter publishes the infringing game *Snake Out* on the Google Play Store under Developer Account ID 6963070707592565175.

13. On information and belief, Defendant Game District LLC is a limited liability company headquartered in Lahore, Pakistan that develops and publishes mobile game applications for worldwide distribution, including throughout the United States and California, through the Apple App Store. Game District also does business as, and submitted its October 14, 2026 DMCA notice to Apple under the name, “M S Game Notch,” which is identified as the seller of *Snake’s Way Out* on the Apple App Store. On information and belief, Game District LLC and M S Game Notch are the same enterprise and are referred to herein collectively as “Game District”. *Snake’s Way Out* is published on the Apple App Store by Hassam Ahmad, who, on information and belief, is a Senior Game Developer for Game District residing in Lahore, Pakistan, and who submitted Game District’s DMCA notice to Apple on its behalf.

14. On information and belief, Stick Hunter and Game District operate as a unified enterprise with shared ownership, management, and development resources, or act in concert with one another pursuant to a common design, to develop, publish, market, distribute, and commercially exploit Defendants’ Game across both the Google Play Store and the Apple App Store. Defendants’ unity is also evidenced by their coordinated DMCA notices against *Snake Escape*, submitted to Apple and Google on the same day on October 14, 2026. Further, in its DMCA notice to Apple, Game District stated that *Snake’s Way Out* “is the App Store title of our copyrighted game, which is identified as “SNAKE OUT: PUZZLE ESCAPE [on the Google Play Store]”, demonstrating joint publication of Defendants’ Game by Stick Hunter and Game District.

15. Each Defendant participated in the design, development, publication, distribution, marketing, updating, maintenance, and commercialization of Defendants' Game, directly profited from the infringing conduct alleged herein, and is jointly and severally liable for that conduct. Each Defendant is further liable for the conduct of the other, which it authorized, directed, controlled, materially contributed to, and from which it derived a direct financial benefit.

## **JURISDICTION AND VENUE**

16. This action arises under the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq*. This Court therefore has original subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the federal copyright laws.

17. This Court has personal jurisdiction over each Defendant because each Defendant purposefully directed its infringing conduct toward the United States and California, knowingly distributed the infringing game to consumers throughout this District, and committed intentional acts that caused harm to Supergame within the United States. Defendants' contacts with California are neither random nor fortuitous but arise directly from their deliberate commercial exploitation of the infringing work through California-based technology companies and digital distribution platforms.

18. On information and belief, Defendants intentionally developed, marketed, distributed, licensed, updated, and monetized Defendants' Game for download by consumers throughout the United States, including thousands of consumers located in California.

19. On information and belief, Defendants distributed the infringing game through the Apple App Store and Google Play Store, two of the largest digital marketplaces for mobile applications in the world. Apple Inc. is headquartered in Cupertino, California, and Google LLC is headquartered in Mountain View, California. Defendants voluntarily entered into commercial relationships with these

California-based companies for the purpose of distributing and monetizing the infringing game in the United States and worldwide.

20. Defendants further directed intentional conduct in California and this District by submitting DMCA takedown notices to Google and Apple, each located in this District, that caused, and threaten to cause, the removal of *Snake Escape* from those California-based platforms. Defendants knew or should have known that this conduct would cause harm to Supergame in this District.

21. Defendants knowingly availed themselves of these California-based distribution platforms to generate revenue from downloads, in-app purchases, advertising, and other monetization features. Defendants also regularly updated, maintained, and supported the infringing game for users in California and throughout the United States.

22. Supergame's claims arise directly out of Defendants' California-directed activities. But for Defendants' decision to distribute, market, license, and monetize the infringing game through California-based platforms and to target United States consumers, the injuries alleged herein would not have occurred.

23. The exercise of personal jurisdiction over Defendants comports with traditional notions of fair play and substantial justice. Defendants intentionally engaged in ongoing commercial activity directed toward California, reasonably anticipated being haled into court in the United States with respect to disputes arising from those activities, and cannot claim surprise that they are called to answer for alleged copyright infringement in the forum through which they chose to distribute and profit from the infringing work.

24. Further, in connection with Supergame's DMCA notice to Google concerning *Snake Out*, Stick Hunter submitted a DMCA counternotice. In that counternotice, Stick Hunter expressly consented to "the jurisdiction of the Federal District Court for the judicial district in which I reside (or the Northern District of California if my address is outside of the United States)". On information and belief,

because Stick Hunter and Game District operate as a unified enterprise responsible for Defendants' Game, Stick Hunter's express consent to jurisdiction in the Northern District of California is attributable to, and binding on, the combined enterprise.

25. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(a), because a substantial part of the events giving rise to the claims occurred in this District. Defendants intentionally distributed, marketed, licensed, and monetized the infringing game through California-based digital marketplaces located within this District, the acts of infringement alleged herein were directed toward and occurred, in substantial part, within this District, and Stick Hunter consented to venue in the Northern District of California.

## FACTUAL ALLEGATIONS

### A. Supergame's Copyrighted Game *Snake Escape*

26. *Snake Escape* is an original mobile puzzle game in which players guide snakes of varying lengths through grid-based maze levels to a designated exit point, navigating around walls and obstacles. The game was first developed and published by Pixel King and first released to the public on or around October 22, 2025, on the Google Play Store and on October 23, 2025 on the Apple App Store. On or around December 22, 2025, Pixel King assigned all right, title and interest in and to *Snake Escape* to Supergame. Pixel King is Supergame's authorized publisher of the game on both platforms.

27. Supergame obtained and is the owner of the United States copyright registration for *Snake Escape*, effective April 10, 2026 (Registration No. PA0002597368). A true and correct copy of the registration certificate is attached hereto as Exhibit A. Supergame owns all right, title, and interest in and to the game.

28. The copyrighted works embodied in *Snake Escape* for which Supergame brings this action are the game's original visual and graphical works, comprising the level designs, the character designs, and the user-interface assets described below.

29. The game contains more than 800 original grid-based puzzles (the "Level Designs"). Each Level Design is a distinct, original artistic work comprising, among other elements, the grid composition, the snake placement and configuration, the wall and obstacle placement, the solution-path design, and the overall visual composition. In each Level Design, the designer exercised skill, judgment, and creative effort in selecting and arranging these elements to produce a puzzle of a particular character and difficulty.

30. The game features an original visual design for the snake character (the "Character Design"), comprising, among other elements, the rounded, segmented structure of the snake's body, the specific proportions and curvature of the segments, the cartoon aesthetic and stylistic treatment of the character, and the color palette and visual style applied to the character.

31. The game also contains original user-interface and user-experience graphical works (the "UI Assets"), including screen layouts, menu designs, game-interface elements, buttons, icons, and other graphical assets.

32. *Snake Escape's* original visual and graphical works reflect numerous discretionary artistic and creative choices that were not dictated by functionality, efficiency, or the conventions of the puzzle-game genre. Numerous alternative designs were available for the selection, coordination, and arrangement of the Level Designs, the Character Design, and the UI Assets. Defendants simply chose not to create their own. Collectively, these original expressive elements create the distinctive appearance and player experience that identify *Snake Escape* and distinguish it from other mobile puzzle games.

### B. Defendants Had Access to *Snake Escape* and Copied It

33. *Snake Escape* was publicly available for download on the Google Play Store beginning on or around October 22, 2025, and was readily accessible to consumers and competitors, including Defendants, well before Defendants released their infringing game.

34. On or around November 28, 2025, after *Snake Escape* had already been publicly available for more than a month, Stick Hunter released Defendants' Game on the Google Play Store. Defendants accordingly had ample opportunity to observe, study, and copy *Snake Escape* before releasing their game.

35. Further, Defendants obtained the underlying code for *Snake Escape* through the purchase of an unauthorized template offered for sale on the third-party software and application marketplace, Codester. On or around December 10, 2025, a product titled "Snake Escape Puzzle – 800 Levels and Level Editor" (the "Codester Template") was listed for sale on Codester, and contained the copyrighted work embodied in *Snake Escape*, in its entirety, without the license, permission, or knowledge of Supergame, by an unknown third party.

36. The Codester Template was listed on Codester approximately 50 days after *Snake Escape* was first publicly released and used the name and content of *Snake Escape*. Any purchaser exercising reasonable diligence would have recognized that the Codester Template was derived from a commercially available game and that its distribution on Codester was not legitimate.

37. Nevertheless, Defendants used the Codester Template to copy *Snake Escape* further and substantially expand the levels of their game.

**C. Defendants' Game Copies the Protected Expression in *Snake Escape***

38. Defendants' Game is a mobile puzzle game in which players guide snake characters through grid-based maze levels to designated exit points. This is the same core presentation as Supergame's *Snake Escape*. Stick Hunter publishes the game as *Snake Out* on the Google Play Store, and Game District (via Hassam Ahmad) publishes the same infringing game as *Snake's Way Out* on the Apple App Store.

39. Defendants' Game reproduces the protectable expression embodied in *Snake Escape*. It contains at least 44 levels that are substantially identical to, or substantially similar to, Level Designs in *Snake Escape*, including identical or highly

similar grid-layout structures, identical intended solution paths, and identical solving sequences, as shown side by side below:

| Level 104 of *Snake Escape* | Level 245 of Defendants' Game |
|---|---|
|  |  |

| **Level 73 of *Snake Escape*** | **Level 208 of Defendants' Game** |
| --- | --- |
|  | <br> |

| **Level 59 of *Snake Escape*** | **Level 230 of Defendants' Game** |
| --- | --- |
|  | <br> |

A representative side-by-side comparison of additional levels is attached hereto as <u>Exhibit B</u>.

40. The infringing game also features a snake character design that is substantially similar to Supergame's original Character Design, including in body proportions, segmented structure, curvature, and overall visual presentation:

| *Snake Escape* | **Defendants' Game** |
| --- | --- |
|  |  |

41. Defendants did not merely adopt the general idea of a grid-based snake puzzle game. Defendants copied Supergame's particular expression of that idea - the specific selection, coordination, and arrangement of the Level Designs, the Character Design, and the UI Assets - through the reproduction of numerous original and highly specific creative choices. The similarities are so extensive, numerous, and specific that they cannot reasonably be explained by coincidence, independent creation, or the use of common ideas, scènes à faire, or standard gameplay mechanics.

42. Defendants reproduced *Snake Escape* without the license or consent of Supergame, and distributed, publicly displayed, and communicated its protected expression to the public by making the Defendants' Game available for download

on the Google Play Store and the Apple App Store, where users can access Supergame's copyrighted works at a time and place of their choosing.

43. On information and belief, Defendants' infringement was deliberate, flagrant, and undertaken for commercial gain. Defendants operate competing mobile applications in the same market as Supergame, both offered as free-to-play games monetized through advertising and in-app purchases and targeting the same user demographics, and Defendants derived revenue from their infringing game through those channels. Indeed, *Snake Out* has been downloaded more than 1,000,000 times.

**D. Supergame's Initial Enforcement and the Removal of Defendants' Game**

44. On March 31, 2026, Supergame, acting through its authorized agent (Pixel King), submitted a copyright infringement complaint to the Google Play Store, identifying *Snake Out* as an unauthorized reproduction of *Snake Escape* and requesting its removal. On April 1, 2026, Google confirmed that it had processed the complaint and was removing Defendants' Game from the Google Play Store globally.

45. On April 3, 2026, Google notified Supergame (through its agent, Pixel King) that Stick Hunter had submitted a counter-notification disputing the complaint and seeking reinstatement of its infringing game, in which Stick Hunter sought to justify the similarities between the games by reference to a purported license obtained through the purchase of the unauthorized Codester Template.

46. On April 7, 2026, Supergame submitted a separate DMCA takedown notice to Codester concerning the Codester Template. On April 8, 2026, Codester confirmed that it had removed the Codester Template from its marketplace as unauthorized by the copyright owner. Any purported license Stick Hunter obtained through the Codester Template was derived from an unauthorized source and conferred no rights, because the seller on Codester had no title or authority to license the copyrighted works.

47. In connection with the dispute, Supergame commenced an action against Stick Hunter in the General Division of the High Court of the Republic of Singapore (Case No. HC/OC 490/2026).

48. Following Supergame's enforcement efforts, Google removed *Snake Out* from the Google Play Store. With the dispute resolved, Supergame thereafter dismissed its Singapore lawsuit in or around July 2026.

**E. Defendants Submit Retaliatory DMCA Notices Against *Snake Escape***

49. In or around September 2026, and unbeknownst to Supergame, Stick Hunter re-listed *Snake Out* on the Google Play Store, resuming its infringement of Supergame's copyright. Supergame did not receive any notification from Google of the re-listing of Defendants' infringing game but learned of it through its own monitoring.

50. On October 14, 2026, Stick Hunter submitted a DMCA takedown notice to Google, asserting that *Snake Escape* infringes Defendants' Game. Supergame has been unable to locate any U.S. copyright registration for *Snake Out* or any other iteration of Defendants' Game.

51. As a direct result of Stick Hunter's October 14, 2026 notice, Google removed *Snake Escape* from the Google Play Store. *Snake Escape* remains removed from the Google Play Store as of the date this action was commenced.

52. Also on October 14, 2026, Game District submitted a DMCA takedown notice to Apple, asserting that *Snake Escape* infringes Defendants' Game. Supergame's *Snake Escape* remains available on the Apple App Store but is at imminent risk of removal as a result of Game District's notice.

53. Defendants' coordinated October 14, 2026 notices were knowingly false. Defendants' Game itself is an unauthorized copy of *Snake Escape*, built from Supergame's own stolen content. *Snake Escape* does not copy or infringe any protectable expression originating with Defendants. Defendants knew, or should have known, when they submitted the DMCA notices, that Supergame is the owner

of the works embodied in the Codester Template, that the Codester Template was removed from Codester for being unauthorized (as of April 2026), and that *Snake Escape*, which was published before Defendants' Game, does not and could not infringe any work of Defendants.

54. Further, Game District represented to Apple that its rights in Defendants' Game are "supported by official copyright documentation in both Pakistan and the United States", and that *Snake Escape* infringes those rights. On information and belief, Game District holds no U.S. copyright registration covering any protectable expression originating with Defendants, and, in any event, holds no rights that *Snake Escape*, which predates Defendants' Game and is the very work Defendants copied, could infringe. Game District's notice to Apple further asserted that it had obtained a restraining order from the Intellectual Property Tribunal-I, Lahore, Pakistan with respect to *Snake Escape*. However, despite these assertions, Defendants have never served, sent, or otherwise provided to Supergame (or Pixel King) the purported Pakistani complaint, the purported Pakistani order, or any of the "official copyright documentation" on which the notice purports to rely. The factual and legal basis Defendants have asserted to Apple and Google are therefore unverified and unsubstantiated.

55. Defendants submitted the October 14, 2026 notices in pure retaliation against Supergame for enforcing its copyright, to preempt any further complaint by Supergame against their infringing game, and to remove a competing product from the marketplace. Before submitting the DMCA notices, Defendants did not form, and could not have formed, a good-faith belief that *Snake Escape* infringed any work in which Defendants hold rights.

56. As a direct and proximate result of Defendants' false notices, and of Google's and Apple's reliance on them, *Snake Escape* was removed from the Google Play Store and is at imminent risk of removal from the Apple App Store. Supergame

has suffered and continues to suffer injury, including lost downloads, lost revenue, diversion of customers, and harm to its goodwill and competitive position.

**COUNT I – COPYRIGHT INFRINGEMENT**

**(17 U.S.C. § 501)**

**(Against All Defendants)**

57. Supergame realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

58. *Snake Escape* is an original work of authorship fixed in a tangible medium of expression and is subject to protection under the Copyright Act.

59. Supergame is the owner of all right, title, and interest in and to *Snake Escape*, including the audiovisual work registered with the U.S. Copyright Office as Registration No. PA0002597368, effective April 10, 2026.

60. Without Supergame's authorization or consent, Defendants reproduced, copied, prepared derivative works from, distributed, publicly displayed, marketed, licensed, updated, and commercially exploited Supergame's copyrighted work by creating, publishing, and continuing to distribute Defendants' Game on the Apple App Store and Google Play Store.

61. Defendants had access to Supergame's copyrighted work before releasing their infringing game, including through *Snake Escape's* public availability, and through the Codester Template. In contrast, Supergame did not have access to Defendants' Game before creating *Snake Escape* because it did not exist.

62. The similarities between *Snake Escape* and Defendants' Game are so extensive, numerous, and specific that they cannot reasonably be explained by coincidence, independent creation, or the use of common ideas, scènes à faire, or standard gameplay mechanics.

63. Defendants copied original and protectable expressive elements of *Snake Escape*, including Supergame's original selection, coordination, and

arrangement of the Level Designs, the Character Designs, and the UI Assets. Those acts constitute infringement of Supergame's exclusive rights under 17 U.S.C. § 106.

64. Each Defendant is jointly and severally liable for the infringement, and is further liable for the infringing acts of the other, which it authorized, directed, controlled, materially contributed to, and from which it derived a direct financial benefit.

65. Defendants' infringement has been knowing and willful. Defendants had notice of Supergame's rights, including through Supergame's prior enforcement efforts, yet re-listed and continued to distribute the infringing game.

66. As a direct and proximate result of Defendants' infringement, Supergame has suffered and continues to suffer damages, including lost profits, lost business opportunities, diversion of customers, diminution in the value of its copyrighted work, injury to its goodwill, and other damages in an amount to be determined at trial.

67. Supergame is entitled to recover, at its election, either its actual damages and Defendants' profits under 17 U.S.C. § 504(b) or statutory damages under 17 U.S.C. § 504(c), in an amount to be proven at trial.

68. Supergame is further entitled to injunctive relief under 17 U.S.C. § 502 to prevent further infringement, an order impounding and/or destroying infringing copies of *Snake Escape* under 17 U.S.C. § 503, and an award of its costs and reasonable attorneys' fees under 17 U.S.C. § 505.

69. Supergame has no adequate remedy at law for Defendants' infringement, which is ongoing. Unless enjoined, Defendants will continue to infringe Supergame's copyright and cause irreparable harm to Supergame.

**COUNT II – KNOWING MATERIAL MISREPRESENTATION**

**(17 U.S.C. § 512(f))**

**(Against All Defendants)**

70. Supergame realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

71. Section 512(f) of the Copyright Act imposes liability on any person who knowingly materially misrepresents, in a notification of claimed infringement under 17 U.S.C. § 512(c)(3), that material is infringing, where a service provider relies on that misrepresentation in removing or disabling access to the material.

72. On October 14, 2026, Game District represented in its DMCA notice to Apple that *Snake Escape* infringes its copyrighted work, which Game District claimed is "supported by official copyright documentation in both Pakistan and the United States". That representation was a knowing and material misrepresentation.

73. Supergame has been unable to locate any U.S. copyright registration for Defendants' Game, under either name (*Snake Out* or *Snake's Way Out*), and, on information and belief, none exists. Regardless of whether Game District holds any such registration, Game District holds no rights that *Snake Escape*, as the earlier published work that Defendants copied, could infringe.

74. Likewise, Stick Hunter represented in its October 14, 2026 DMCA notice to Google that *Snake Escape* infringed Defendants' Game despite holding no rights that *Snake Escape*, as the earlier published work that Defendants copied by using the unauthorized Codester Template, could infringe.

75. Defendants did not hold, and could not have held, a subjective good-faith belief that *Snake Escape* infringed any work in which Defendants hold rights protected by the laws of the United States. Defendants submitted the notices to retaliate against Supergame's enforcement of its copyright and to remove a competing product from the market.

76. As of the date of this action, *Snake Escape* has been removed from the Google Play Store.

77. Apple received and, on information and belief, is acting or will act upon Game District's misrepresentation, placing *Snake Escape* at imminent risk of removal from the Apple App Store.

78. As a direct and proximate result of Defendants' knowing material misrepresentations and Google and Apple's reliance on them, Supergame has been injured and has incurred damages, including but not limited to lost downloads, lost revenue, and the costs and attorneys' fees incurred in responding to the false notice and seeking reinstatement of its game, in an amount to be proven at trial.

**COUNT III – DECLARATORY RELIEF**

**(28 U.S.C. §§ 2201-2202)**

**(Against All Defendants)**

79. Supergame realleges and incorporates by reference each of the preceding paragraphs as though fully set forth herein.

80. An actual, substantial, and justiciable controversy exists between Supergame and Defendants concerning whether *Snake Escape* infringes any copyright of Defendants.

81. Defendants contend, through their October 14, 2026 DMCA notices to Google and Apple, that *Snake Escape* infringes Defendants' Game. Supergame contends that *Snake Escape* does not infringe any protectable expression of Defendants' Game and that Supergame is the sole author and owner of *Snake Escape*, and the protectable expression therein, which Defendants copied.

82. Defendants' DMCA notices have caused the removal of *Snake Escape* from the Google Play Store and threaten its removal from the Apple App Store. Supergame intends to continue publishing and distributing *Snake Escape* and has a real and reasonable apprehension of continued enforcement efforts and liability

threats by Defendants. The controversy is definite, concrete, and of sufficient immediacy and reality to warrant declaratory relief.

83. Supergame is entitled to a judicial declaration, pursuant to 28 U.S.C. §§ 2201 and 2202, that Supergame's game *Snake Escape* (including the version titled *Snake Escape – Tap Away* on the Apple App Store) does not infringe any U.S. copyright of Stick Hunter or Game District.

84. A declaration is necessary and appropriate to resolve the parties' controversy, to enable Supergame to restore and continue the distribution of *Snake Escape*, and to prevent Defendants from further misusing baseless infringement claims to harm Supergame.

## PRAYER FOR RELIEF

WHEREFORE, Supergame prays for judgment against Defendants, and each of them, as follows:

1. For a declaration that Defendants, and each of them, have infringed Supergame's copyright in *Snake Escape* under 17 U.S.C. § 501;

2. For a declaration, pursuant to 28 U.S.C. §§ 2201–2202, that Supergame's game *Snake Escape* (including the version titled *Snake Escape – Tap Away*) does not infringe any U.S. copyright of Stick Hunter or Game District;

3. For a preliminary and permanent injunction enjoining Defendants and all persons acting in concert or participation with them from:

a. Reproducing, publicly performing, distributing, creating derivative works or otherwise exploiting *Snake Escape* or any protected expression embodied therein, without Supergame's authorization;

b. Manufacturing, marketing, offering for sale, distributing, or otherwise exploiting *Snake Out* or *Snake's Way Out* or any other work substantially similar to *Snake Escape*; and

c. Submitting to Google and Apple any takedown notice or other claim asserting that *Snake Escape* infringes any work of Defendants, and requiring

Defendants to withdraw the October 14, 2026 DMCA notices submitted to Google and Apple;

4. For an order requiring Defendants to recall, impound, and destroy all infringing copies of *Snake Out*, *Snake's Way Out*, and any related marketing or promotional materials that infringe Supergame's copyright, and to remove those games from all app stores and distribution platforms;

5. For an award of damages, including:

a. Supergame's actual damages and any additional profits of Defendants attributable to the infringement in an amount to be proven at trial, as provided by 17 U.S.C. § 504(b); or

b. In the alternative, at Supergame's election, statutory damages under 17 U.S.C. § 504(c);

6. For an award of Supergame's damages, costs, and attorneys' fees arising from Defendants' knowing material misrepresentation pursuant to 17 U.S.C. § 512(f);

7. For an award of Supergame's costs of suit and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

8. For pre-judgment and post-judgment interest at the maximum rates allowed by law; and

9. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Supergame hereby demands a trial by jury on all issues so triable.

Dated: October 20, 2026

KABAT CHAPMAN & OZMER LLP

By: */s/ Theresa A. Kristovich*
Theresa A. Kristovich
Connie K. Chang

*Attorneys for Plaintiff*
*Supergame PTE. LTD.*

# Exhibit A

# Copyright

**Registration Number / Date:**
PA0002597368 / 2026-04-10

**Type of Work:**
Computer Files

**Title:**
Snake Escape.

**Application Title:**
Snake Escape.

**Date of Creation:**
2025

**Date of Publication:**
2025-10-22

**Copyright Claimant:**
SUPERGAME PTE. LTD. Address: 10 ANSON ROAD, #13-09, INTERNATIONAL PLAZA, Singapore, 079903, Singapore.

**Authorship on Application:**
SUPERGAME PTE. LTD, Domicile: Singapore. employer for hire; Authorship: Audiovisual Material, computer program.

**Rights and Permissions:**
SUPERGAME PTE. LTD, 10 ANSON ROAD, #13-09, INTERNATIONAL PLAZA, SINGAPORE, 079903, Singapore

**Description:**
Electronic file (eService)

**Copyright Note:**
C.O. correspondence.

**Notes:**
Computer printout (50p.) also deposited.Videogame.

**Nation of First Publication:**
United States

**Names:**
SUPERGAME PTE. LTD

**USCO Catalog Link:**

Disclaimer: This material was generated by the U.S. Copyright Office's Copyright Public Records System (CPRS). For certified records, contact the Records Research and Certification Division. For information on searching copyright records, see How to Investigate the Copyright Status of a Work (Circular 22). For information on removing personal information from Copyright Office public records, refer to Privacy: Public Copyright Registration Records(Circular 18).

# Exhibit B

| THE LEVEL DESIGNS | | | | |
|---|---|---|---|---|
| **No** | **Level in *Snake Escape*** | **Corresponding Level in Defendants' Game** | ***Snake Escape*** | **Defendants' Game** |
| 1 | 108 | 248 |  |  |
| 2 | 104 | 245 |  |  |

| | | | | |
|---|---|---|---|---|
| 3 | 103 | 244 |  |   |
| 4 | 99 | 242 |  |   |

| | | | | |
|---|---|---|---|---|
| 5 | 89 | 240 |  |   |
| 6 | 87 | 238 |  |   |

| | | | | |
|---|---|---|---|---|
| 7 | 71 | 232 |  |   |
| 8 | 57 | 228 |  |   |

| | | | | |
|---|---|---|---|---|
| 9 | 83 | 225 |  |   |
| 10 | 75 | 222 |  |   |

| | | | | |
|---|---|---|---|---|
| 11 | 72 | 207 |  |   |
| 12 | 65 | 205 |  |   |

| | | | | |
|---|---|---|---|---|
| 13 | 10 | 190 |  |   |
| 14 | 14 | 189 |  |   |

| | | | | |
|---|---|---|---|---|
| 15 | 7 | 188 |  |   |
| 16 | 2 | 184 |  |   |

| | | | | |
|---|---|---|---|---|
| 17 | 3 | 185 |  |  |
| 18 | 4 | 186 |  |  |

| | | | | |
|---|---|---|---|---|
| 19 | 5 | 187 |  |  |
| 20 | 6 | 191 |  |  |

| | | | | |
|---|---|---|---|---|
| 21 | 8 | 192 |  |  |
| 22 | 9 | 193 |  |  |

| | | | | |
|---|---|---|---|---|
| 23 | 11 | 194 |  |   |
| 24 | 12 | 199 |  |   |

| | | | | |
|---|---|---|---|---|
| 25 | 26 | 200 |  |  |
| 26 | 13 | 201 |  |  |

| | | | | |
|---|---|---|---|---|
| 27 | 20 | 203 |  |   |
| 28 | 73 | 208 |  |   |

| | | | | |
|---|---|---|---|---|
| 29 | 27 | 209 |  |  |
| 30 | 29 | 210 |  |  |

| | | | | |
|---|---|---|---|---|
| 31 | 30 | 211 |  |   |
| 32 | 35 | 212 |  |   |

| | | | | |
|---|---|---|---|---|
| 33 | 54 | 220 |  |   |
| 34 | 74 | 221 |  |   |

| | | | | |
|---|---|---|---|---|
| 35 | 56 | 227 |  |  |
| 36 | 58 | 229 |  |  |

| | | | | |
|---|---|---|---|---|
| 37 | 59 | 230 |  |   |
| 38 | 76 | 233 |  |   |

| | | | | |
|---|---|---|---|---|
| 39 | 85 | 236 |  |  |
| 40 | 86 | 237 |  |  |

| | | | | |
|---|---|---|---|---|
| 41 | 88 | 239 |  |  |
| 42 | 90 | 241 |  |  |

| | | | | |
|---|---|---|---|---|
| 43 | 107 | 247 |  |   |
| 44 | 110 | 250 |  |   |